**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil Action No. 25-214 (MAS) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Jennifer B.'s ("Plaintiff")[1] appeal of the Commissioner of the Social Security Administration's (the "Commissioner") final decision denying Plaintiff's request for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). (ECF No. 1.) The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons below, the Court affirms the Commissioner's decision.

**I.   BACKGROUND**

In this appeal, the Court must consider whether the Administrative Law Judge's (the "ALJ") finding that Plaintiff was not disabled is supported by substantial evidence. The Court begins with the procedural posture and decision by the ALJ.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

A. **Procedural Background**

Plaintiff filed an application for DIB in September 2022, alleging a disability onset date of October 2, 2020. (AR 38, ECF No. 5.[2]) Plaintiff later amended the alleged onset date to September 1, 2021. (*Id.* at 38, 186.) The Social Security Administration (the "Administration") denied the application both initially and upon reconsideration. (*Id.* at 38, 443-51.) Thereafter, Plaintiff requested a hearing (*id.* at 468-69), and the ALJ held an online video hearing on June 11, 2024 (*id.* at 183-216). On August 15, 2024, the ALJ denied Plaintiff's claim. (*Id.* at 38-54.) Plaintiff submitted a request for review, which the Appeals Council denied (*id.* at 1-6), making the ALJ's August 15, 2024, decision the Commissioner's final decision. This appeal followed. (*See generally* Compl., ECF No. 1.) On May 22, 2025, Plaintiff filed her moving brief in this action. (Pl.'s Moving Br., ECF No. 8.) The Commissioner opposed (Def.'s Opp'n Br., ECF No. 10), and Plaintiff replied (Pl.'s Reply Br., ECF No. 11).

B. **The ALJ's Decision**

In her August 15, 2024, decision, the ALJ concluded that Plaintiff was not disabled. (AR 54.) The ALJ set forth the Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 39-40 (citing 20 C.F.R. § 404.1520(a)).) As an initial matter, the ALJ found that Plaintiff "meets the insured status requirements of the . . . Act through December 31, 2026." (*Id.* at 40.) At step one, the ALJ found that Plaintiff "ha[d] not engaged in substantial gainful activity since September 1, 2021, the amended alleged onset date." (*Id.*) At step two, the ALJ determined that Plaintiff had several severe impairments during the relevant

---

[2] The Administrative Record ("AR") is located at ECF Nos. 5 through 5-19. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

2

period: (1) lumbar degenerative disc disease (without significant neuroforaminal or central canal stenosis); (2) cervical degenerative disc disease (without significant neuroforaminal or central canal stenosis); and (3) history of left foot fracture with post-traumatic left tibiotalar osteoarthritis. (*Id.* at 41.) The ALJ also determined that Plaintiff had the following nonsevere impairments: (1) carpal tunnel syndrome; (2) bilateral subluxing patella; (3) anxiety; (4) adjustment disorder with anxious and depressed mood; and (5) attention deficit disorder ("ADD"). (*Id.*)

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526 during the relevant period. (*Id.* at 44.) With respect to Plaintiff's physical impairments, the ALJ stated that she specifically reviewed the listings at 1.15 (disorder of the skeletal spine), 1.16 (lumbar spinal stenosis), and 1.18 (abnormality of a major joint in extremity). (*Id.*)

The ALJ determined that Plaintiff had the residual functional capacity ("RFC")[3] to perform light work as defined in 20 C.F.R. § 404.1567(b). (*Id.*) Plaintiff, however, was limited to: "occasionally perform all postural maneuvers except never climb ladders, ropes, or scaffolds[;] . . . occasional operation of foot controls[;] . . . [and] no more than frequent exposure to vibration and occasional exposure to hazards such as unprotected heights and unprotected moving mechanical parts." (*Id.*)

---

[3] RFC is defined as "the most [an individual] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1); *see Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000) ("'[R]esidual functional capacity' is defined as that which an individual is still able to do despite the limitations caused by . . . her impairment(s)." (citing *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999))). Determination of a claimant's RFC is the exclusive responsibility of the ALJ. 20 C.F.R. §§ 404.1520(c), 404.1546(c).

At step four, the ALJ found that Plaintiff is "unable to perform any past relevant work" as a public relations representative, receptionist, or sales representative. (*Id.* at 51-52.) The ALJ considered that Plaintiff was 43 years old on the alleged disability onset date, which is defined as "a younger individual," and has at least a high school education. (*Id.* at 52.) The ALJ determined that "[t]ransferability of job skills is not material . . . because . . . [Plaintiff] is 'not disabled,' whether or not [she] has transferable job skills." (*Id.*) Based on the aforementioned factors and Plaintiff's RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (*Id.*) In doing so, the ALJ relied upon the testimony of the vocational expert, who testified that an individual of Plaintiff's age, education, work experience, and RFC "would be able to perform the requirements of [unskilled (SVP 2) light] occupations such as" folder, sorter, or cleaner. (*Id.* at 52-53.)

At step five, the ALJ determined that Plaintiff was not disabled, as defined in the Act from September 1, 2021 (the alleged onset date), through the date of the ALJ's decision, August 15, 2024, for the purposes of Plaintiff's DIB claim. (*Id.* at 53, 54.)

## II. <u>LEGAL STANDARD</u>

### A. **Standard of Review**

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971) (quoting 42 U.S.C. § 405(g)); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000) (explaining that the reviewing court is "bound

to the Commissioner's findings of fact if they are supported by substantial evidence . . . ."). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks and citation omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (citation omitted).

B.   **Establishing Disability**

To be eligible for DIB, claimants must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). For purposes of the statute, a claimant

5

is disabled only if her physical or mental impairments are "of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

Administration regulations provide a five-step evaluation procedure to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4). For the first step, the claimant must establish that she has not engaged in any substantial gainful activity since the onset of her alleged disability. 20 C.F.R. § 404.1520(a)(4)(i). For the second step, the claimant must establish that she suffers from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(a)(4)(ii). Claimants bear the burden of establishing the first two requirements, and failure to satisfy either one results in a denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The third step requires that the claimant provide evidence that her impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates that she suffers from a listed impairment or that her severe impairment is equal to a listed impairment, she is presumed to be disabled and entitled to DIB. *Id.*; 20 C.F.R. § 404.1520(d). If she cannot so demonstrate, the eligibility analysis proceeds to step four. *See* 20 C.F.R. § 404.1520(e).

Under the fourth step, the ALJ determines whether the claimant's RFC permits her to resume her previous employment. *Id.* If claimant's RFC permits previous employment, she is not "disabled" and thus is not entitled to DIB. *Id.* § 404.1520(f). The burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir.

6

2009). At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work consistent with her medical impairments, age, education, past work experience, and RFC. 20 C.F.R. §§ 404.1520(g). If the Commissioner cannot satisfy this burden, the claimant will receive DIB. *Id.*

### III.    DISCUSSION

Plaintiff appeals the ALJ's decision and raises two main arguments in support of remand. (*See generally* Pl.'s Moving Br.) Specifically, Plaintiff contends that the ALJ: (1) improperly ignored the medical opinion of David Lesneski, D.C. ("Lesneski") without adequate reasoning; and (2) improperly considered her subjective complaints without adequate reasoning. (Pl.'s Moving Br. 5-12; Pl.'s Reply Br. 1-9.)

As explained below, the Court concludes that the ALJ's decision is supported by substantial evidence.

### A.    The ALJ's Evaluation of Lesneski's Medical Opinion Evidence is Supported by Substantial Evidence in the Record.

Plaintiff argues that in making the RFC determination, the ALJ improperly ignored Lesneski's opinion evidence without adequate reasoning. (Pl.'s Moving Br. 5-8.) Plaintiff contends that the ALJ's findings that Lesneski's opinions were "'not fully supported by findings of no-to-minimal lumbar stenosis and normal findings with strength, bulk, tone, [and] ambulation . . .' is conclusory, one-sided, and unsupported by the record as a whole." (*Id.* at 6-7 (quoting AR 51).) Plaintiff submits that the record supports sufficient clinical and diagnostic findings that would cause pain and resultant limitation in walking, standing, and sitting. (*Id.* at 7.) Plaintiff maintains that Lesneski's opinion explained that Plaintiff's clinical findings included decreased lumbar range of motion, positive straight leg raise, positive Valsalva maneuver, lumbar spasm, and decreased strength. (*Id.* (citing AR 3596).) Plaintiff argues that these findings and others, such as

7

tenderness to palpation and antalgic gait, are ample throughout the record, and that Plaintiff's November 14, 2022, MRI showed a small central herniation of the disc, broad-based right paramedian and lateral bulging of the disc at L5-S1 causing mild right neural foraminal stenosis— all of which sufficiently support Lesneski's opinions. (*Id.* (citing AR 704).) Plaintiff, moreover, argues that Lesneski conducted multiple examinations of Plaintiff over an extended period of time, making him perfectly suited to opine on her condition and its resultant limitations. (*Id.* at 8.)

"When weighing medical opinions in Social Security matters, administrative law judges must *consider* a range of factors, but all they must *explain* are the reasons for their decisions." *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 638 (3d Cir. 2024) (emphasis in original). Under 20 C.F.R. § 404.1520c(a), an ALJ is required to consider medical opinions and determine the persuasiveness of the opinions by considering specific factors listed in the regulations. These factors include: (1) supportability; (2) consistency; (3) relationship of the medical source to the claimant, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, and extent of the treatment relationship; (4) specialization; and (5) other relevant factors. *Id.* § 404.1520c(c). Supportability and consistency are the most important factors. *Id.* § 404.1520c(b)(2). Accordingly, an ALJ must "explain how [she] considered [these two] factors" but need not "explain how [she] considered" the other factors. *Id.*

When giving this explanation, the ALJ "need not reiterate the magic words 'support' and 'consistent' for each doctor." *Zaborowski*, 115 F.4th at 639. It is sufficient, rather, for the ALJ to "weave supportability and consistency throughout her analysis of which doctors were persuasive." *Id.* "[T]he regulations[, moreover,] seek to enforce a 'source level' analysis, rather than dividing each source's opinions into different units to be separately analyzed[,]" so the ALJ need not perform a supportability and consistency analysis "with regard to every aspect of the [medical]

opinion." *Pyle v. Comm'r of Soc. Sec.*, No. 23-815, 2024 WL 4278291, at *1 n.1 (W.D. Pa. Sep. 24, 2024). Further, the ALJ is not required to provide a "written analysis about how [she] considered each piece of evidence." *Joseph P. v. Comm'r of Soc. Sec.*, No. 21-13524, 2023 WL 1929945, at *5 (D.N.J. Feb. 10, 2023) (citations omitted)). Instead, "[t]he new regulations reflect a 'reasonable articulation standard'" in which the "decision need only 'allow a subsequent reviewer . . . to trace the path of an adjudicator's reasoning.'" *Id.* (quoting 82 Fed. Reg. 5844-01, at 5858). In tracing this path, "[a]n ALJ 'must give some indication of the evidence which [s]he rejects and h[er] reason(s) for discounting such evidence.'" *Tedesco v. Comm'r Soc. Sec.*, 833 F. App'x 957, 961 (3d Cir. 2020) (citation omitted). But "'the ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph [would] probably suffice.'" *Kelly v. Colvin*, No. 09-759, 2013 WL 5273814, at *10 (D. Del. Sep. 18, 2013) (quoting *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981)). It is, additionally, "not for this court to reweigh the various medical opinions in the record[,]" but instead "to determin[e] if there is substantial evidence to support the ALJ's weighing of those opinions." *Id.* (citations omitted).

Here, contrary to Plaintiff's assertions, the ALJ properly considered the opinions of Lesneski and had substantial evidence to support her conclusion that Lesneski's opinion was not persuasive considering other evidence in the record. (AR 51.) The ALJ specifically determined that the "extensive limitations" Lesneski opined Plaintiff had were "not fully supported by findings of no-to-minimal lumbar stenosis and normal findings with strength, bulk, tone, [and] ambulation." (*Id.*) The ALJ also noted that Lesneski only treated Plaintiff intermittently from 2015 to 2024. (*Id.*) In making the RFC determination, the ALJ explained her determination was "supported by imaging of [Plaintiff's] cervical spine, lumbar spine, and [] ankle." (*Id.*) The ALJ further explained

9

that the "record [was] inconsistent with any sensory or motor abnormalities, or an inability to ambulate effectively." (*Id.*)

As to the other evidence in the record, the ALJ explained that she had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," as well as "the medical opinion(s) and prior administrative medical finding(s)" as required by the regulations. (*Id.* at 44.) The ALJ extensively detailed Plaintiff's medical history, including multiple rounds of imaging done on her spine and ankle. (*Id.* at 50-51.) The ALJ then "fully considered" the following, in addition to the opinion of Lesneski: (1) the prior administrative medical findings (finding them partially persuasive); (2) the opinion of Nancy Sutton, Ph.D. (finding it not persuasive); and (3) the disability ratings from Veterans Affairs (noting they were not valuable or persuasive). (*Id.* at 50-51.)

Here, the Court finds that "the ALJ appropriately addressed the medical opinion evidence [of Lesneski] and gave h[er] reasons, albeit briefly, for rejecting" it as not persuasive based on the record, a determination that is supported by substantial evidence in the record. (*See id.* at 51); *Stephanie P. v. Comm'r of Soc. Sec.*, No. 21-12524, 2023 WL 2214179, at *4 (D.N.J. Feb. 24, 2023); *see also Tricia W. v. Comm'r of Soc. Sec.*, No. 24-11499, 2025 WL 3033994, at *6 (D.N.J. Oct. 30, 2025) (explaining that the ALJ does not have to "'supply a comprehensive explanation'" and that typically "'a sentence or short paragraph would [] suffice'" (quoting *Cotter*, 650 F.2d at 482)). The Court, accordingly, finds that the ALJ's conclusion that Lesneski's opinion evidence was not persuasive is supported by substantial evidence.

**B.      The ALJ's Evaluation of Plaintiff's Subjective Complaints is Supported by Substantial Evidence in the Record.**

Plaintiff argues that the ALJ failed to provide adequate reasons for her determination that Plaintiff's subjective complaints were "not entirely consistent with the medical evidence and other evidence in the record." (Pl.'s Moving Br. 8-12.) Plaintiff contends that the ALJ improperly "look[ed] for" objective evidence of pain itself before crediting Plaintiff's complaints, and that the ALJ's summary simply showed mixed findings. (*Id.* at 8-9.) Plaintiff submits that "numerous clinical findings within the record sufficiently support [Plaintiff]'s allegations and the ALJ [] failed to provide any resolution of the positive and negative findings or give any rationale [in] supporting her evaluation of [Plaintiff's] subjective complaints based on" the ALJ's summary. (*Id.* at 9.)

While it is true that the "'statements of the individual concerning . . . her symptoms must be carefully considered' by the ALJ, the claimant's subjective statements alone cannot establish disability and 'the ALJ is not required to credit them.'" *Frederick T. v. Comm'r of Soc. Sec.*, No. 25-1421, 2025 WL 3754251, at *10 (D.N.J. Dec. 29, 2025) (quoting *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011)). Moreover, "[t]o that end, [t]he credibility determinations of an administrative judge [made of a claimant] are virtually unreviewable on appeal." *Id.* (citation modified) (internal quotation marks and citation omitted).

Here, the ALJ's credibility determination receives a high degree of deference, and the ALJ supported her assessment with extensive evidence in the record. The ALJ explained that only "[a]fter careful consideration of the evidence" did the ALJ determine that Plaintiff's "statements concerning the intensity, persistence[,] and limiting effects of [her] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record . . . ." (AR 45); 20 C.F.R. § 404.1529(c)(2) ("Objective medical evidence . . . is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of [a claimant's] symptoms and the

11

effect those symptoms, such as pain, may have on [a claimant's] ability to work."). The ALJ also explicitly considered and cited to, among other things: (1) Plaintiff's Function Report; (2) Plaintiff's Stepfather's Third-Party Function Report; (3) other third party non-medical statements; and (4) numerous medical records and progress notes. (*See* AR 44-51, 883-1012, 1487-1580, 3600-3697.) Based on the ALJ's thorough review and consideration of the record, the ALJ's conclusion that Plaintiff's subjective complaints were inconsistent with the record is therefore supported by substantial evidence. *See Hoyman v. Colvin*, 606 F. App'x 678, 680 (3d Cir. 2015).

## IV.  CONCLUSION

For the reasons outlined above, the Court affirms the Commissioner's decision. The Court will issue an Order consistent with this Memorandum Opinion.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

DATED: JANUARY 22, 2026